# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

CHRIS WILLIAMS,

|                 |   |                                  |
|-----------------|---|----------------------------------|
| Petitioner,     | : | Case No. 1:20-cv-99              |
| - vs -          |   | District Judge Douglas R. Cole   |
|                 |   | Magistrate Judge Michael R. Merz |
| WARDEN, Chillicothe |   |                              |
| Correctional Institution, |   |                        |
|                 | : |                                  |
| Respondent.     |   |                                  |

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Christopher Williams pursuant to 28 U.S.C. § 2254, is before the Court for decision on the merits.  The relevant filings are the Petition (ECF No. 8), the State Court Record (ECF No. 14), the Respondent's Return of Writ (ECF No. 15) and Petitioner's Reply (ECF No. 16).

The Magistrate Judge reference in the case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the District.  Final decision of the case remains with District Judge Cole.

**Litigation History**

A Hamilton County, Ohio, grand jury indicted Williams on two counts of rape in violation of Ohio Revised Code § 2907.02(A)(1)(b) (Counts 1 & 2)(Indictment, State Court Record, ECF No.

1

14, Ex. 1).  A jury convicted Williams on both counts and he was sentenced to two consecutive life terms of imprisonment. *Id.* at Ex. 14.  On appeal the First District Court of Appeals affirmed. *State v. Williams*, 2017-Ohio-8898 (Ohio App. 1st Dist. Dec. 8, 2017).   Williams failed to timely appeal to the Supreme Court of Ohio and that court denied his application to file a delayed appeal. (State Court Record, ECF No. 14, Ex. 21).

Williams filed two applications to reopen his direct appeal. *Id.* at Exs. 22 and 23.  The First District denied the applications, *Id.* at Ex. 25, and the Supreme Court of Ohio declined jurisdiction. *Id.* at Ex. 28.  Williams filed a petition for post-conviction relief, but failed to appeal from the trial court's denial.

Williams filed a second petition for post-conviction relief December 23, 2019, which remained pending at the time the Return of Writ was filed (Return, ECF No. 15, PageID 540).

In his Petition, which Respondent concedes was timely filed, Williams pleads the following grounds for relief:

> **Ground One:** Ineffective assistance of counsel for fraud and errouneous [sic] legal advice about true nature of business with witness.
>
> **Supporting Facts**: Defendant and counsel found out that the live in boyfriend of alleged victims mother was a convicted sex offender with child victims, so trial counsel made a promise to the defendant and his family that he would call the convicted sex offender to the stand and implement an alternative suspect defense to which defendant proceeded to trial based upon that fraudulent agreement only to have defense usurped.
>
> **Ground Two:** Trial court erred when it allowed the jurors to view testimonial taped interviews of the children and failed to mistrial.
>
> **Supporting Facts:** The trial court abused its discretion when it overruled the defendants motion in limine and subsequen [sic] objections at trial, as to the admition [sic] of the alleged victims interviews. The intervies [sic] disclosed sexual contact with the defendant. The purpose of the interviews was not for medical treatment but to collect evidence at trial. Statements are deemed

testimonial when these is no ongoing emergency only interrogation to establish or prove past events. Thus depriving defendant of a fair trial.

**Ground Three:** Fraud upon the court commited [sic] by trial attorney. Were [sic] attorney lied and thus decieved [sic] the defendant inducing him to trial.

**Supporting Facts:** Defense counsel failed to interview a key witness for the defense even though he made legal assurances to do so evidenced by five affidavits filed by defendants family who spoke with counsel. Defensel [sic] did not inform the defendant of the true nature of the business at hand, thus hindering the defendant from properly granting any type of relief.

**Ground Four:** Ineffective assistance of counsel were [sic] defense counsel was incompetent and unprofessionalness [sic] lead to most harsh sentence.

**Supporting Facts:** Defense counsel was incompetent for not fully informing the defendant of his inability to call key witnesses before trial. Defendant attests that if defense counsel would have informed him that key witnesses would not be available to testify when the deal presented and offered by the state would have been accepted and the defendant would not be serving two consecutive life sentences but a six year sentence on the agreed *Alford* plea.

(Petition, ECF No. 8, PageID 65-70).

# Analysis

## Ground One:  Ineffective Assistance of Counsel:  Failure to Call Alternative Suspect Witness

In his First Ground for Relief, Williams claims that the mother of the two victims had a boyfriend who was himself a convicted sex offender with child victims.  Williams and his counsel allegedly agreed to call this person as a witness in support of and alternative suspect defense, but the trial attorney failed to do so.

3

Respondent asserts this Ground for Relief is procedurally defaulted because it was not properly raised in the Ohio courts (Answer, ECF No. 15, PageID 549, *et seq.*).

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default

> doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017)).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner

can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

In the Petition, Williams asserts he raised this claim on direct appeal, but no such claim appears in his direct appeal (Appellant's Brief, State Court Record, ECF No. 14, Ex. 15).

Williams also indicates in the Petition that he raised this claim as an underlying claim in his Application to Reopen his appeal under Ohio R. App. P. 26(B).  If a petitioner's claims in federal habeas rest on different theories than those presented to the state courts, they are procedurally defaulted.  *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Lorraine v. Coyle*, 291 F.3d 416, 425 (6th Cir. 2002), *citing Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *Lott v. Coyle*, 261 F.3d 594, 607, 619 (6th Cir. 2001)("relatedness" of a claim will not save it).

An Ohio App. Rule 26(B) application preserves for habeas review only the ineffective assistance of appellate counsel arguments, not the underlying substantive arguments, e.g., ineffective assistance of trial counsel.  *Wogenstahl v. Mitchell*, 668 F.3d 307, 338 (6th Cir.  2012), *citing Lott v. Coyle*, 261 F.3d 594, 612 (6th Cir. 2001).  "The *Lott* court explained that permitting an Ohio prisoner to raise a substantive claim in a Rule 26(B) motion "would eviscerate the continued vitality of the procedural default rule; every procedural default could be avoided, and federal court merits review guaranteed, by claims that every act giving rise to every procedural default was the result of constitutionally ineffective counsel." *Id.*

Williams also asserts in the Petition that he has included this claim in his currently-pending second petition for post-conviction relief (Petition to Vacate, State Court Record, ECF No. 14, Ex. 33).  That Petition consists largely of attached correspondence with Williams' trial and appellate attorneys, rather than the pleading of claims.  Although those proceedings were not yet terminated as of the time the Return of Writ was filed, the response of the State of Ohio shows the ineffective

assistance of trial counsel claim was previously raised in Williams' first petition to vacate and its second presentation is therefore barred by *res judicata*. Moreover, the second petition was untimely and the trial court was therefore barred by Ohio Revised Code § 2953.23 from exercising jurisdiction over it.

Thus Ohio has applicable procedural rules – the limitation on the scope of claims that can be raised in a 26(B) application, *res judicata*, and the statute of limitations on petitions for post-conviction relief. The 26(B) scope limitation has been enforced (Entry, State Court Record, ECF No. 14, Ex. 25). The statute of limitations bar will very likely be enforced against Williams because the State has raised it and the limitation statute is jurisdictional.

These Ohio procedural bars are adequate and independent grounds for state court decisions. No federal authority compels a State to allow use of a remedy designed for ineffective assistance of appellate counsel claims, as Ohio App. R. 26(B) is designed, to also be used for ineffective assistance of trial counsel claims, particularly where, as here, the State has provided a remedy for ineffective assistance of trial counsel claims that depend, as this claim does, on facts outside the direct appeal record. Statues of limitations protect the State's interest in finality of criminal adjudications and thus are adequate.

Finally, the Sixth Circuit has repeatedly upheld Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), as an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

Williams does not contest Respondent's assertion that he has committed the procedural

defaults of Ground One asserted in the Return[1]. Rather, he purports to offer five instances of cause that he asserts excuse these defaults. However, Williams' arguments to that effect are largely unintelligible.

Williams' Reply commences as follows:

> I christopher-michael:williams, a civilian, Legalis Homo, Suri Juris [NOT PRO SEC[but in Propria Persona,"Without Prejudice" Reseving [sic][aLL] my rights under UCC 1-308 by Special Appearance, am in fact, deed, and truth, and upon "»NEW EVIDENCE*" the Attorney in Fact for Plaintiff-Petitioner-Debtor and assert this action by possesion [sic] of a full right by Natural Law, Common Law, and the U.C,C.[see pages Doc# 14 Filed: 7/30/2020 Page ID# 514-517 400-404, Page ID#374-381, Page ID# 386-399.]

This is just the start. Williams proceeds for twenty-three pages to produce arguments that, for example, his imprisonment is contrary to the Sherman Antitrust Act, the Clayton Act, the Fair Debt Collection Practices Act, the Miller Act, and many other federal statutes and doctrines of law. He concludes by signing the Reply "christopher-michael:Williams UCC 1-308" as attorney-in-fact for Plaintiff [sic] Chris Williams and makes a point of noting that the original is signed in red ink (Reply, ECF No. 16, PageID 588).

It would be useless to attempt to parse all of the completely irrelevant legal assertions Williams makes in the Reply. Undoubtedly they spring from his comments early in the document

> Upon thousands of hours of study since being unlawfully [sic] imprisoned for lies and non existant [sic] contracts, heading U.S. Titles, case laws, Rules of Procedure, contract law. Natural Law, God's Law and The Uniform Commercial Code it has been found and upheld by the Constitution of The united States of America, that only 3 Jurisdictions exist.

---

[1] He has, however, refiled the Return as an attachment to his Reply with the word REJECTED written in red ink across the first page (Reply, ECF No. 16-1, PageID 595).

*Id.* at PageID 568. Suffice it to say that Williams is imprisoned because he was indicted by a grand jury and convicted by a petit jury of committing acts to which the General Assembly of Ohio has attached criminal penalties. He was not subject to the jurisdiction of the Hamilton County Court of Common Pleas by virtue of the natural law, the common law[2], or the Uniform Commercial Code, but by the United States Constitution, which recognizes the sovereignty of Ohio, and by the positive law embodied in the Ohio Revised Code.

Williams cannot obtain relief in this Court in the present habeas corpus action except by proving that he is imprisoned in violation of the Constitution of the United States. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). His apparent assertion that his imprisonment violates substantive due process is unsupported by authority: the Supreme Court has never held as a matter of due process that the States cannot punish child rape.

Because Williams has failed to show excusing cause and prejudice, his Fist Ground for Relief should be dismissed with prejudice as procedurally defaulted.

**Ground Two: Violation of the Confrontation Clause**

In his Second Ground for Relief, Williams asserts the trial court committed constitutional error when it allowed the jury to hear the interviews of the victims conducted upon the first report of the crimes. This is properly understood as a claim under the Confrontation Clause which prohibits admission of out-of-court statements in support of a conviction when the defendant did

---

[2] Ohio has no common law offenses. *Mitchell v. State*, 42 Ohio St. 383 (1884), *citing Key v. Vattier*, 1 Ohio 132, 144 (1823); *Winn v. State*, 10 Ohio 345 (1841); *Vanvalkenburgh v. State*, 11 Ohio 404 (1842); *Allen v. State*, 10 Ohio St. 287, 301(1859); *Smith v. State*, 12 Ohio St. 466, 469 (1861); *Knapp v. Thomas*, 39 Ohio St. 377, 385 (1883).

not have an opportunity to cross-examine the witness. See *Crawford v. Washington*, 541 U.S. 36 (2004).

Respondent asserts this claim is barred by procedural default as well. Conceding that Williams raised it on direct appeal, Respondent notes that he did not take a timely further appeal to the Supreme Court of Ohio (Return, ECF No. 15, PageID 552). Judgment was entered in the First District Court of Appeals on December 8, 2017 (State Court Record, ECF No. 14, Ex. 17). Under Ohio law Williams was required to file a notice of appeal by forty-five days later, January 22, 2018. His actual Notice of Appeal was not filed until February 14, 2018. *Id.* at Ex. 19. His request to file a delayed appeal was denied by the Supreme Court of Ohio. *Id.* at Ex. 21.

It is well established that the Supreme Court of Ohio's time limit on filing an appeal is an adequate and independent state procedural rule. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004). Williams' assertions of excusing cause and prejudice in his reply are intended to apply in blanket fashion to all the asserted procedural defaults. They are as unavailing as to the Second Ground for Relief as they are to the First.

Williams' Second Ground for Relief should therefore be dismissed with prejudice.

**Ground Three: Ineffective Assistance of Trial Counsel: Fraud on the Court**

In his Third Ground for Relief, Williams re-pleads his First Ground for Relief. It should be dismissed with prejudice on the same basis.

**Ground Four:  Ineffective Assistance of Trial Counsel:  Failure to Advise Key Witnesses Could Not Be Called**

In his Fourth Ground for Relief, Williams asserts he received ineffective assistance of trial counsel when his trial attorney failed to advise him that certain key witnesses could not be called to testify, thereby depriving him of the benefit of an offered plea agreement which would have resulted in substantially less prison time than was actually imposed.

Respondent notes that Williams claims to have raised this ground in his second Petition to Vacate and asked in the Habeas Corpus Petition to have this case stayed pending exhaustion. Magistrate Judge Litkovitz did not grant that request and implicitly denied it when she ordered an answer and a reply.  Respondent argues there is not good cause for a stay under governing precedent (Answer, ECF No. 15, PageID 556, citing *Rhines v. Weber*, 544 U.S. 269 (2005)). Williams did not renew his request for a stay and his Reply says nothing on this point.  The Magistrate Judge finds Ground Four is procedurally defaulted on the same basis as Ground One: this claim could have been raised in Williams' first petition for post-conviction relief; because it was not, it is now barred by the *Perry res judicata* doctrine.  Ground Four should therefore be dismissed with prejudice.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not

be permitted to proceed *in forma pauperis*.

January 15, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

## NOTICE REGARDING RECORD CITATIONS#

The attention of all parties is called to S. D. Ohio Civ. R. 7.2(b)(5) which provides:

> (5) **Pinpoint Citations**. Except for Social Security cases, which must comply with S.D. Ohio Civ. R. 8.1(d), all filings in this Court that reference a prior filing must provide pinpoint citations to the PageID number in the prior filing being referenced, along with a brief title and the docket number (ECF No. ___ or Doc. No. ___) of the document referenced.

The Court's electronic filing system inserts in all filings hyperlinks to the place in the record which has been cited following this Rule. However, as with most computer systems, the CM/ECF program cannot read pinpoint citations which do not follow the Rule precisely. For example, the first pinpoint citation in ODRC's Reply reads "Plaintiff argues that he could not bring this action until "administrative remedies as (sic) are exhausted (sic)." (Doc. 80, PageId# 987)." The correct citation would have been Doc. No. 80, PageID 987." Because Defendant added the "#" symbol, the program failed to inset a hyperlink. Use of this software is mandated by the Judicial Conference of the United States and cannot be locally modified. **The parties are cautioned to comply precisely with S. D. Ohio Civ. R. 7.2(b)(5) in any further filings.**