# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

CHRIS WILLIAMS,

        Petitioner,   :   Case No. 1:20-cv-99

   - vs -   District Judge Douglas R. Cole
                                              Magistrate Judge Michael R. Merz

WARDEN, Chillicothe
  Correctional Institution,

                                        :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

In this habeas corpus case, *pro se* Petitioner Christopher Williams seeks relief from his conviction on two counts of rape of two different children under the age of ten and his consequent sentence to two consecutive terms of life imprisonment. The Petition pleads four grounds for relief (ECF No. 8). The Magistrate Judge has recommended that all four grounds be dismissed (Report and Recommendations, "Report," ECF No. 19), Petitioner has objected (ECF No. 20), and District Judge Cole has recommitted the case for further analysis (ECF No. 23).

**The Report's Analysis**

Ground One alleges ineffective assistance of trial counsel for failure to call as a witness the live-in boyfriend of the mother of the two victims who allegedly has also been convicted of sexual abuse of minors. The Report found this Ground procedurally defaulted because (1)

1

Petitioner did not raise it on direct appeal, (2) raising it as an underlying issue in his Ohio App. R. 26(B) Application for Reopening did not preserve it for merits review, (3) he claimed ineffective assistance of trial counsel in his first petition for post-conviction relief, but did not appeal from denial of that petition (Report, ECF No. 19, PageID 631-35).  In his Reply, Williams did not deny these procedural defaults, but offered asserted cause to excuse them.  The Report found Williams' arguments in support of cause to be "largely unintelligible." *Id.* at PageID 636.

Ground Two alleges violation of the Confrontation Clause by admission of statements made by the victims when they were first examined by medical personnel after reporting the abuse. The Report found this Ground procedurally defaulted by failure to appeal to the Supreme Court of Ohio on direct appeal. *Id.* at PageID 637-38.

Ground Three repleads Ground One and the Report recommended it be dismissed on the same basis. *Id.* at PageID 638.

Ground Four claims ineffective assistance of trial counsel for failure to advise Williams that certain key witnesses could not be called to testify.  The Report recommended this claim be dismissed because it could have been raised in Williams' first petition for post-conviction relief but was not.  *Id.* at PageID 639.

**Petitioner's Objections**

Petitioner first objects that the Report labels him as proceeding *pro se* (Objections, ECF No. 20, PageID 641).  Instead, he says,

> Continuing to assert my status as Sui juris as a living inhabitant, and not a person as described in the law definition as "For one's own behalf; in person" and person meaning" may include labor organizations, partnerships, associations, corporations, legal

2

> representatives, trustees etc.,". For the scope and delineation of the term "Person" is necessary for determining [to] whom the Fourteenth Amendment of Constitution affords protection since this amendment expressly applies to "Person". Whereby the first rejection [of the Report] is that of this claim being brought "pro se." This is to remove all ambiguity and to clearly reveal the custom of treating the People as Business Trusts.

(Objections, ECF No. 20, PageID 641).

The Court recognizes Petitioner as an individual human person who is entitled to the protections of the Fourteenth Amendment. The meaning to this Court of labeling the matter as "pro se" is that Petitioner is not represented by an attorney, but is acting on his own behalf. The Court recognizes no "custom of treating the People as Business Trusts," and in fact does not understand what that term means in this context.

Petitioner's next objection is that there is no affidavit for an arrest warrant on the Indictment (Objections, ECF No. 20, PageID 641). The very first exhibit in the State Court Record is the grand jury true bill finding probable cause and on which the prosecutor requested a warrant be issued. A grand jury finding of probable cause satisfies the Constitution as much as an affidavit.

Petitioner's next objection is that the Hamilton County Clerk of Courts did not send him a copy of the denial of his first post-conviction petition; he now demands proof of mailing. The State Court Record shows the relevant entry was filed September 12, 2017 (ECF No. 14, Ex. 30). We are required by Supreme Court precedent to presume the regularity of trial court proceedings. *Walker v. Johnston*, 312 U.S. 275 (1941). It is quite easy to claim, many years after the fact, that the Clerk of Courts did not do her job, but this Court must presume she did unless and until Petitioner proves otherwise.

Petitioner admits that he did not check the docket until his "fiancé at that time" in January 2019 learned that Judge Ruehlman had denied his petition (Objections, ECF No. 20, PageID 642).

Petitioner claims that under UCC 1-201 Respondent must prove he received the decision. *Id.* UCC 1-201 has no application to this habeas corpus case.

Petitioner reiterates his argument on the merits: that his trial attorney provided ineffective assistance of trial counsel by not calling "convicted child rapist Trent Elliott Tharps" to the stand. *Id.* at PageID 643. This would allegedly have been in support of an alternative suspect defense which is not cogent. Is Williams alleging the two child victims would have identified Tharps instead of him as the perpetrator? Tharps certainly would have been entitled to refuse to answer questions about raping these two victims under the Fifth Amendment. Is that perhaps why he wasn't called to testify?

In rejecting Ground One, the Magistrate Judge also wrote:

> Williams also asserts in the Petition that he has included this claim [Ground One] in his currently-pending second petition for post-conviction relief (Petition to Vacate, State Court Record, ECF No. 14, Ex. 33). That Petition consists largely of attached correspondence with Williams' trial and appellate attorneys, rather than the pleading of claims.

(Report, ECF No. 19, PageID 634). Williams objects that his second post-conviction petition is supported by affidavits of five persons (Objections, ECF No. 20, PageID 644). The Petition as filed has attached to it correspondence between Williams and his attorneys and criminal papers related to Tharps (State Court Record, ECF No. 14, PageID 346-73). Beginning at PageID 374, there are various UCC forms apparently prepared by Petitioner involving something called the Christopher Michaels Williams Trust. Beginning at PageID 382 there is a document purporting to name Ciera Melissa Hidea Jones as an attorney-in-fact for Petitioner. At PageID 386 begins a fourteen-page Security Agreement, a common-law copyright notice, and a hold harmless agreement. There follows six pages of print outs from Rapsheets.org about Tharps. There are several pages of medical records with redacted names. At PageID 486 begins an Affidavit of Ciera

4

Jones who avers that she cohabited with the Petitioner for eight years and they had three children together. She claims she was in meetings with the trial attorney and it was part of the plan to call Tharps. Three other affidavits attest to the fact that Tharps was not called. Other powers of attorney to Ciera Jones complete the filing. On these affidavits Williams rests his case that Tharps is the perpetrator of the crimes of which he stands convicted.

Williams continues with allegations he has been forced into an Article II court as a business trust (Objections, ECF No. 20, PageID 646). He claims the "Hamilton County Court of Common Pleas is not a Constitutional Court recognized by name or definite description in Constitution." *Id.* He claims Ohio forced on him an

> invisible admiralty adhesion contract at birth to place him in a trust with trustees to place insurance upon him and pledge him for the debt of the State of Ohio without full disclosure and contemporaneous just compensation forcing him to be a commercial entity and a corporate citizen in business and liability not in his best interest.

*Id.* at PageID 647. He concludes by asking this Court for a "stay and abeyance" and an order to the Hamilton County Court of Common Pleas to decide his second post-conviction petition on the merits. *Id.* at PageID 649.

Petitioner's Objections are so far outside the mainstream of habeas corpus law that it is difficult for the Magistrate Judge to understand them. It is clear that Williams raised his ineffective assistance of trial counsel claim in his first post-conviction petition and that he did not appeal from denial of that petition. He claims that is because he was never sent a copy of the decision. However, the presumption of regularity puts the burden on Williams to prove that he was not sent a copy of the decision and he has produced no proof of that asserted fact.

**Conclusion**

Williams' Objections are without merit and should be overruled. The Magistrate Judge therefore again respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 1, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #